| | | | |
|---|---|---|---|
| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE STIPULATION FOR APPROVAL OF PAGA SETTLEMENT (DKT. 26)**

**JS-6: Case Terminated**

On April 19, 2019, Martin Abelar ("Plaintiff") filed a putative class action against American Residential Services, L.L.C. and Rightime Home Services, Inc. that included both wage and hour claims and corresponding representative claims under the California Private Attorney General Act ("PAGA"). Dkt. 1. On July 3, 2019, Plaintiff filed the First Amended Complaint ("FAC" (Dkt. 18)), which is the operative one. The FAC did not state any claims against Rightime Home Services, Inc., leaving American Residential Services, L.L.C. ("Defendant") as the sole defendant.

On October 25, 2019, the parties filed a Stipulation for Approval of PAGA Settlement ("Stipulation" (Dkt. 26)) and supporting materials. Dkts. 26-1 to 26-8. They include a declaration by Plaintiff's counsel, ("Wheeler Declaration" (Dkt. 26-1)) and a copy of the proposed settlement agreement ("Settlement Agreement" (Dkt. 26-2)). They also include the proposed terms of an order ("Proposed Order" (Dkt. 26-5 and 26-6)). If the Stipulation is approved, Plaintiff would -- as a representative of the state of California -- settle the PAGA claims associated with other similarly situated workers ("PAGA Employees").

For the reasons stated in this Order, the relief requested in the Stipulation is **GRANTED**.

**I.** **Background**

    **A.**    Procedural History

In connection with the Stipulation, the parties submitted the aforementioned materials as well as a copy of the notice provided to the California Labor and Workforce Development Agency ("LWDA") prior to commencing this action. Dkts. 26-3, 26-4. They also presented a proposed letter that would be used to notify employees represented by the Plaintiff about the final approval of the settlement (Dkt. 26-6);[1] and a Second Amended Complaint ("SAC" (Dkt. 26-7)), which would be deemed as the operative complaint

---

[1] There is a typographical error in the proposed letter. The relevant sentence should state, "You will receive a tax *form* 1099 for the check." The parties are directed to correct this error before sending the letter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

in connection with the settlement.

Although Plaintiff initially brought a wide range of claims, Plaintiff learned during settlement negotiations that most of the putative class members had agreed to arbitrate disputes and had waived certain rights to pursue claims through a class action. Dkt. 26-1 ¶ 8. The parties nevertheless proceeded with extensive informal discovery. *Id.* ¶ 9. "Defendant produced relevant policy documents, wage statements for PAGA Employees, a random sample of the electronic time and payroll records of PAGA Employees, and other pertinent documents." *Id.* Plaintiff's counsel attests that an expert was retained to analyze these records and assess Defendant's exposure to liability. *Id.*

The settlement, which was entered following a review of the materials produced in discovery, was reached shortly after the completion of a lengthy mediation session with a private neutral. *Id.* ¶ 3. Although the parties did not agree to the settlement during the mediation itself, each later accepted a "mediator's proposal" made by the private neutral. *Id.* ¶ 3. The parties executed the Settlement Agreement on October 17, 2019. *Id.* ¶ 4. The parties notified the LWDA of the Settlement Agreement on the same day. *Id.* ¶ 5.

Plaintiff's counsel states that Defendant's maximum exposure to liability is about $9.1 million, *Id.* ¶ 17, but that there are material legal and factual disputes as to each of the alleged violations that are the basis for the PAGA claims. *Id.* ¶ 16. Plaintiff also argues that the settlement amount is reasonable in light of the cost of further litigation and the risk of an unfavorable outcome, including the low probability that the maximum PAGA penalties would be awarded. *Id.* ¶¶ 15, 16, 18-22. Plaintiff's counsel also states that he and his co-counsel have substantial experience in litigating wage-and-hour claims, which has enabled them to assess the value of the present claims. *Id.* ¶¶ 23-28.

The parties chose A.B. Data, Ltd ("Settlement Administrator") to serve as the third-party settlement administrator after comparing its proposed fee of $6750 with those of two other potential administrators. *Id.* ¶ 7.

  B. Terms of the Settlement

    1. <u>Financial Payments</u>

The Settlement Agreement provides for a total settlement fund of $450,000, which would be allocated as follows:

| Item | Amount | Percentage of Total |
|---|---|---|
| Total Settlement Amount | $450,000 | 100% |
| Attorney's Fees | $150,000 | 33.3% |
| Costs | $7410.21 | 1.65% |
| Service Award for Plaintiff | $5000 | 1.11% |
| Settlement Administration Costs | $6750 | 1.5% |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
|---|---|---|---|
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

| Net Settlement Amount | $280,839.79 | 62.4% |
|---|---|---|
| PAGA payment to state (75% of Net Settlement Amount) | $210,629.84 | 46.8% |
| PAGA payment to PAGA Employees (25% of Net Settlement Amount) | $70,209.95 | 15.6% |

Under Cal. Lab. Code § 2699(i), the net settlement amount of $280,839.79 would be allocated as follows: 75%, or $210,629.84, would be paid for the LWDA, and 25%, or $70,209.95, would be paid to the PAGA Employees. This $70,209.95 amount would be allocated among PAGA Employees on a *pro rata* basis, according to the number of eligible pay periods worked during the limitations period. Dkt. 26-2 at 6.

   2.   Payment Process

The parties propose that 14 days after a final order is entered, the Defendant will send to the Settlement Administrator a list of all PAGA Employees with identifying and contact information. Dkt. 26 ¶ 17. The Settlement Administrator will perform any necessary skip trace searches, issue a notice to PAGA Employees, issue necessary IRS forms, and issue the various payments required by the Settlement Agreement. *Id.* If a PAGA Employee does not negotiate his or her settlement check within 180 calendar days of its mailing, the funds would be paid to the California Department of Industrial Relations' Unclaimed Wages Fund. *Id.*

A 2018 guidance issued by the California Department of Industrial Relations ("DIR") states that DIR will no longer accept funds associated with "workers who were not located by the litigants themselves or a third party administrator" as of October 15, 2018. Instead, such unclaimed funds are to be submitted to the Unclaimed Property Fund administered by the California State Controller. *See* Cal. Dep't of Indus. Rels., Unpaid Wage Fund FAQs (2018), https://www.dir.ca.gov/dlse/Unpaid-Wage-Fund-FAQs.pdf; Richardson *v. Interstate Hotels & Resorts, Inc.*, No. C-16-06772-WHA, 2019 WL 803746, at *2 (N.D. Cal. Feb. 21, 2019). In light of this announcement, the Settlement Agreement is modified by this Order to conform to its terms, and the parties are directed to submit any unclaimed funds to the California State Controller's Unclaimed Property Fund if the DIR is unwilling to accept them.

   3.   Release of Claims

The Settlement Agreement provides for the release of certain claims by the PAGA Employees and the named Plaintiff. These releases appear in Sections D and E of the Settlement Agreement. Dkt. 26-2 at 7-8. In general, the PAGA Employees would release certain PAGA claims that could have been alleged based on the proposed SAC. The named Plaintiff would grant a general release of all potential claims that he has against Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
|---|---|---|---|
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

## II. Approval of a PAGA Settlement

### A. Legal Standards

PAGA empowers "an aggrieved employee" to bring an enforcement action for certain violations of California labor law "on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699. The California State Legislature adopted PAGA to remedy underenforcement of labor law violations. *See Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 379-80 (2014). A PAGA representative action is a type of *qui tam* action, because the plaintiff is empowered to bring suit on behalf of the state, which remains the real party in interest. *Id.* at 382.

PAGA requires court approval of a proposed settlement, with concurrent notice of that request and the terms of the settlement provided to the LWDA. Cal. Lab. Code § 2699(l)(2). The purpose of the notice to the LWDA is to allow it to review and comment on the proposal, if it elects to do so. If it expresses views, they may be considered by the court in the review process. *See Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 973 (2019).

PAGA does not provide express guidance about the scope or nature of judicial review. *See Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1076-77 (C.D. Cal. 2017); *Smith v. H.F.D. No. 55, Inc.*, No. 2:15-CV-01293-KJM-KJNx, 2018 WL 1899912, at *2 (E.D. Cal. Apr. 20, 2018). The LWDA has stated that it "is not aware of any existing case law establishing a specific benchmark for PAGA settlements, either on their own terms or in relation to the recovery on other claims in the action." *Ramirez v. Benito Valley Farms, LLC*, No. 16-CV-04708-LHK, 2017 WL 3670794, at *3 (N.D. Cal. Aug. 25, 2017) (quoting LWDA Response at 3 (Dkt. 736), *O'Connor v. Uber Techs.*, No. 13-CV-03826-EMC (N.D. Cal. July 29, 2016)).

In general, district courts reviewing PAGA settlements have applied the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), which are designed to evaluate whether a class action settlement is fundamentally fair, adequate, and reasonable. *See, e.g., Smith*, 2018 WL 1899912, at *2-4; *Ramirez*, 2017 WL 3670794, at *3-4. In addition to the *Hanlon* factors, district courts have also considered whether a settlement is consistent with the "public policy goals" of PAGA. *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1134-35 (N.D. Cal. 2016); *accord Patel v. Nike Retail Servs., Inc.*, No. 14-CV-04781-RS, 2019 WL 2029061, at *2 (N.D. Cal. May 8, 2019); *Eubank v. Terminix Int'l, Inc.*, No. 15-CV-0145-WQH-JMAx, 2018 WL 2215288, at *4 (S.D. Cal. May 15, 2018); *Jordan v. NCI Grp., Inc.*, 5:16-CV-1701-JVS-SPx, 2018 WL 1409590, at *2 (C.D. Cal. Jan. 5, 2018); *Echavez v. Abercrombie & Fitch Co., Inc.*, No. 11-CV-09754-VAP, 2017 WL 3669607, at *3 (C.D. Cal. Mar. 23, 2017); *Gutilla v. Aerotek, Inc.*, No. 1:15-CV-00191-DAD-BAMx, 2017 WL 2729864, at *2 (E.D. Cal. Mar. 22, 2017). These goals include "benefit[ing] the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *O'Connor*, 201 F. Supp. 3d at 1132-33.

This overall approach is reasonable and is applied. The *Hanlon* factors are:

(1) the strength of the plaintiff's case;
(2) the risk, expense, complexity and likely duration of further litigation;
(3) the risk of maintaining a class action status throughout the trial;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

    (4) the amount offered in settlement;
    (5) the extent of discovery completed and the stage of the proceedings;
    (6) the experience and views of counsel;
    (7) any evidence of collusion between the parties; and
    (8) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000) (citing *Hanlon*, 150 F.3d at 1026).

In the review of a particular settlement, not every *Hanlon* factor may apply. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Here, "the risk of maintaining a class action status throughout the trial" does not apply. Likewise, the "reaction of class members" does not apply in the PAGA context, because such persons are not notified and asked to respond in connection with the settlement of a PAGA action. *See Patel*, 2019 WL 2029061, at *2.

Fed. R. Civ. P. 23(e) is also informative in evaluating a proposed PAGA settlement. Rule 23(e) identifies the following factors to consider in connection with a proposed settlement of a class action, *i.e.,* whether:

    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

    B.    Application

        1.    <u>Notice to the LWDA of the Proposed Settlement</u>

As noted, Cal. Lab. Code § 2699(l)(2) requires parties to submit a proposed settlement to the LWDA when it is presented to a court on a motion for approval. Plaintiff did so. Therefore, this requirement is met.

        2.    <u>Adequacy of Relief, Given Strength of Case and the Possibility of Further Litigation</u>

As noted, Defendant's maximum potential liability is approximately $9.1 million, and the Settlement Agreement provides for a settlement amount of $450,000. This difference is justified by several factors. *First*, further litigation would result in delay and substantial additional costs. *Second*, further litigation would pose a substantial risk of non-recovery, because there are disputed legal and factual questions as to each claim. *Third*, the parties agree that a class action is not likely to be brought with respect to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

the claims available. The alternative of individual proceedings as to each PAGA Employee would be inefficient. *Fourth*, California courts frequently approve reductions in PAGA penalties, such that the $9.1 million figure is not a concrete one. *Finally,* that the settlement was reached after sufficient discovery and through arms-length negotiations before an experienced mediator is further evidence of the reasonableness of its terms. For these reasons, this factor weighs in favor of approval.

3. Extent of Discovery and Stage of Proceedings

The parties reached the Settlement Agreement after informal discovery. Defendant disclosed policy documents, wage statements, a random sampling of electronic time and payroll records of PAGA Employees, and other data. For wage-and-hour actions, such an exchange of information is sufficient to inform a reasoned settlement process. Therefore, this factor weighs in favor of approval.

4. Adequate Representation

Plaintiff's counsel have substantial experience in wage and hour claims, including those brought through class and representative action proceedings. The evidence shows that they devoted substantial time to this matter. Therefore, this factor weighs in favor of approval.

5. Experience and Views of Counsel

Experienced counsel participated in the settlement process and concurred in the outcome. Therefore, this factor weighs in favor of approval.

6. Arms-Length Negotiations and Absence of Evidence of Collusion

For the reasons stated above, the parties' arm's length negotiations with an experienced neutral, and the process itself in which the mediator's proposal was accepted, demonstrate that this factor weighs in favor of approval.

7. Equitable Treatment of PAGA Employees

As noted, the Settlement Agreement would result in a $70,209.25 award to the PAGA Employees, with that amount allocated among them according to the number of eligible pay periods each worked during the pay period. This method of allocation is reasonable and equitable. Therefore, this factor weighs in favor of approval.

8. Public Interest Factors for a PAGA Settlement

The total settlement amount of $450,000 is a significant penalty that -- when combined with the legal fees and costs incurred by Defendant -- would encourage Defendant and other employers to comply with the Labor Code. There is no evidence that the settlement is contrary to the purposes and policies of PAGA or of the state of California. Therefore, this factor weighs in favor of approval.

\* \* \*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
|---|---|---|---|
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

As noted, the factors in *Hanlon* and Fed. R. Civ. P. 23(e), as well as the public policy goals of PAGA, weigh in favor of granting the Stipulation and approving the Settlement Agreement.

### III. Attorney's Fees and Class Representative Award

#### A. Attorney's Fees

##### 1. Legal Standards

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Id.* "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

District courts have discretion to choose between a lodestar method and so-called "percentage method" to calculate fees in a class action. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). A court may also choose one method and then perform a cross-check with the other. *See, e.g., Staton*, 327 F.3d at 973.

When using the percentage method, a court examines what percentage of the total recovery is allocated to attorney's fees. Usually, the Ninth Circuit applies a "benchmark award" of 25%. *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003). However, many awards that deviate from the benchmark are approved. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("Ordinarily, . . . fee awards [in common fund cases] range from 20 percent to 30 percent of the fund created.").

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941. After the lodestar amount is determined, a trial court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A court has discretion to "adjust the lodestar upward or downward using a multiplier that reflects a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
|---|---|---|---|
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

2. <u>Application</u>

An attorney's fee award of $150,000 is 33.3% of the settlement amount, which is above the 25% benchmark. Plaintiff's counsel has submitted the following lodestar calculation to support this request:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Wheeler | $675 | 149.9 | $101,182.50 |
| Wand | $575 | 125.4 | $72,105 |
| | | | $173,287.50 |

Based on a review of the tasks that were performed, and the time spent on each of them, the number of hours charged for each attorney is reasonable. As to the proposed hourly rates, based on a review of the relevant evidence, the quality of the work presented for review, including the decision to abandon some of the claims that were brought initially, these rates are at least at the very high end of reasonable, and may exceed that point. However, even assuming those facts, the outcome here is not affected. If the two hourly rates were reduced to $600/hour for Wheeler and $475/hour for Wand, the lodestar value of $149,505 would correspond to the fee request of $150,000.

For these reasons, the attorney's fee request of $150,000 is approved.

B.    Costs

Plaintiff's counsel seek an award of $7410.21 in costs. Approximately $5500 of this is for mediation fees, and the balance is for expert costs, filing fees, providing notice to the LWDA, postage, copying, PACER expenses and travel expenses. Dkt. 26-1 at 17-18. These costs are reasonable and necessary.

For these reasons, the request for approval of costs of $7410.21 is approved.

C.    Incentive Award for Named Plaintiff

The service award of $5000 is reasonable compensation for the time and acceptance of adverse employment risk by Plaintiff. Accordingly, the incentive award of $5000 is approved.

IV.    <u>Conclusion</u>

For the reasons stated in this Order, the Stipulation is **APPROVED**, and the Settlement Agreement is **APPOVED**. Therefore, consistent with the Proposed Order (Dkts. 26-5, 26-8) it is **ORDERED**:

1. Unless otherwise provided herein, all capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement and Release of PAGA Claim ("Settlement Agreement"). The Court has jurisdiction over the subject matter of this lawsuit and all matters relating thereto, and over all parties to the Action.
2. The SAC (Dkt. 26-7) is deemed filed as of the date of this Order. The Second Amended Complaint is the operative complaint for the purpose of the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV19-00726 JAK (JPRx) | Date | November 14, 2019 |
|---|---|---|---|
| Title | Martin Abelar v. American Residential Services, L.L.C. | | |

3. The Court reserves exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.
4. All dates set in this action are vacated.
5. To the extent the parties wish to have dismissal entered, counsel shall confer and file a stipulated dismissal on or before November 28, 2019.

**IT IS SO ORDERED.**

                                                                                   : 

Initials of Preparer   ak